**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

BONNIE KENNEDY                                                      PLAINTIFF

vs.                                                      NO:  3:10CV245TSL-FKB

PILOT TRAVEL CENTERS, LLC;
JOHN AND JANE DOES 1-10                                          DEFENDANTS

### ANSWER AND AFFIRMATIVE DEFENSES OF PILOT TRAVEL CENTERS, LLC

Pilot Travel Centers, LLC ("Pilot") files this Answer and Affirmative Defenses to Plaintiff's Complaint and will show unto the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim in whole or in part upon which relief may be granted against Pilot.

### SECOND DEFENSE

The condition of which Plaintiff complains was open and obvious.

### THIRD DEFENSE

Plaintiff is solely responsible for her own alleged injuries and damages.

### FOURTH DEFENSE

Plaintiff assumed the risk of the alleged incident and her injuries and damages. According, Plaintiff's claims are barred.

### FIFTH DEFENSE

Plaintiff may have failed to join an indispensable party(s) in this action.  Therefore, this lawsuit should be dismissed pursuant to Rule 12(b)(7) of the Mississippi Rules of Civil Procedure since the party which has not been joined is needed for just adjudication as defined by Rule 19 of the Mississippi Rules of Civil Procedure.

## SIXTH DEFENSE

Plaintiff's alleged injuries and damages were caused in whole or in part by the acts and/or omissions of third parties for whom Pilot is not liable or legally responsible.

## SEVENTH DEFENSE

Plaintiff's alleged injuries and damages were caused by independent, intervening and/or superseding causes.

## EIGHTH DEFENSE

Plaintiff's claims against Pilot may be barred or any verdict must be reduced to the extent that Plaintiff or anyone acting on her behalf failed to mitigate damages or by the doctrine of avoidable consequences.

## NINTH DEFENSE

Plaintiff's alleged injuries and damages resulted, in whole or in part, from the culpable conduct of Plaintiff and/or third parties, and not from any negligence or breach of legal duty on the part of Pilot.  Alternatively, Pilot is entitled to a comparative apportionment of responsibility, fault or causation as to Plaintiff, other defendants, including settling defendants, and third parties pursuant to Mississippi Code Annotated Section 85-5-7.  Further, Pilot is entitled to a credit, pro rata reduction or percentage reduction for any amounts paid by settling defendants or third parties.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches, unclean hands, waiver, estoppel and/or judicial estoppel.

## ELEVENTH DEFENSE

Plaintiff's alleged injuries and damages may be the result of pre-existing illnesses, injuries and/or conditions for which Pilot is not liable.

## TWELFTH DEFENSE

To the extent applicable, Pilot invokes the provisions of House Bill 19, the Mississippi Tort Reform Act, as enacted in the Mississippi Legislature's 2002 3rd Extraordinary Session and signed into law by Mississippi Governor on December 3, 2002.  H.B. 19, 2002 Miss. Law 3rd Ex. Sess. Ch. 4 (2002).  Pilot further invokes the provisions of House Bill 13 as enacted in the Mississippi Legislature's 2004 1st Extraordinary Session and signed into law by the Mississippi Governor on June 16, 2004.  H.B. 13, 2004 Miss. Law 1st Ex. Sess. (2004).

## THIRTEENTH DEFENSE

Pilot invokes all rights and limitations afforded under Mississippi's Tort Reform Acts.

## FOURTEENTH DEFENSE

An award of punitive damages, as permitted under the substantive laws of the State of Mississippi, violates the Eighth and Fourteenth Amendments to the Constitution of the Untied States of America and Article 3, §§ 14, 17 and 28 of the Mississippi Constitution.

## FIFTEENTH DEFENSE

No alleged act or omission on the part of Pilot was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages against Pilot is unconstitutionally vague and/or overly broad.

## SIXTEENTH DEFENSE

Pilot incorporates by reference any and all limitations regarding the determination, enforceability and/or constitutionality of punitive damage awards set forth in *BMW of No.*

3

*America v. Gore*, 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 531 U.S. 923 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 409 (2003).

## SEVENTEENTH DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Mississippi law for ascertaining the amount thereof, such that any award of these damages against Pilot would violate the Fifth and Fourteenth Amendments to the United States Constitution and corresponding provisions of the Mississippi Constitution.

## EIGHTEENTH DEFENSE

Subject to and without waiving the forgoing defenses, Pilot invokes Miss. Code Ann. § 11-1-65 with regard to Plaintiff's claims for punitive damages.

## NINETEENTH DEFENSE

Due to the fact that the discovery process is ongoing, Pilot lacks knowledge or information sufficient to form a belief at this time as to whether other affirmative defenses may apply in this action.  Accordingly, Pilot expressly reserves the right to raise any additional affirmative defenses which may be applicable in this matter.

## TWENTIETH DEFENSE-ANSWER

Subject to the forgoing defenses, Pilot responds to the numbered paragraphs in Plaintiff's Complaint as follows:

1.     Pilot lacks knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies the same.

2.     Pilot admits that it is a foreign corporation doing business in Mississippi.  Pilot further admits that it may be served with process of this Court through its registered agent, CT

Corporation System, located at 645 Lakeland East Drive, Suite 101; Flowood, Mississippi 39232.  Except as expressly admitted herein, Pilot denies the allegations contained in paragraph 2 of the Complaint.

3.     The allegations contained in paragraph 3 of the Complaint are not directed towards Pilot and do not require a response.  To the extent a response may be required, Pilot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies the same.

## JURISDICTION AND VENUE

4.     Pilot admits that the United States District Court for the Southern District of Mississippi, Jackson Division, has jurisdiction of this case.  Except as expressly admitted herein, Pilot denies the allegations contained in paragraph 4 of the Complaint.

5.     The allegations contained in paragraph 5 of the Complaint are not directed towards Pilot and do not require a response.  To the extent a response may be required, Pilot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies the same.

6.     Pilot denies the allegations contained in paragraph 6 of the Complaint.

7.     Pilot denies the allegations contained in paragraph 7 of the Complaint.

## FACTS

8.     Pilot admits that Plaintiff was present at the Pilot Travel Center located at 2520 South Gallatin Street in Jackson, Mississippi, on January 11, 2009.  Pilot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

9.     Pilot denies the allegations contained in paragraph 9 of the Complaint.

10.     Pilot denies the allegations contained in paragraph 10 of the Complaint.

## CAUSES OF ACTION

### 1.     NEGLIGENCE

11.     Pilot re-alleges and incorporates its responses to the allegations contained in paragraphs 1 through 10 of the Complaint as set forth herein.

12.     The allegations contained in paragraph 12 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Pilot admits that it has certain duties imposes on it by law, but denies that it breached any such duties to Plaintiff.  Except as expressly admitted herein, Pilot denies the allegations contained in paragraph 12 of the Complaint.

13.     Pilot denies the allegations contained in paragraph 13 of the Complaint.

14.     Pilot denies the allegations contained in paragraph 14 of the Complaint.

15.     Pilot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies the same.

16.     Pilot denies the allegations contained in paragraph 16 of the Complaint.

17.     Pilot denies the allegations contained in paragraph 17 of the Complaint.

### 2.     NEGLIGENT HIRING/TRAINING

18.     Pilot re-alleges and incorporates its responses to the allegations contained in paragraphs 1 through 17 of the Complaint as set forth herein.

19.     The allegations contained in paragraph 19 of the Complaint, including subparagraphs (1) through (6), state a legal conclusion to which no response is required.  To the extent a response is required, Pilot admits that it has certain duties imposes on it by law, but denies that it breached any such duties to Plaintiff.  Except as expressly admitted herein, Pilot

6

denies the allegations contained in paragraph 19 of the Complaint, including subparagraphs (1) through (6).

20.     Pilot denies the allegations contained in paragraph 20 of the Complaint.

## DAMAGES

21.     Pilot re-alleges and incorporates its responses to the allegations contained in paragraphs 1 through 20 of the Complaint.

22.     Pilot denies the allegations contained in paragraph 22 of the Complaint.  Further, Pilot denies that Plaintiff is entitled to any damages whatsoever against it.

## PUNITIVE DAMAGES

23.     Pilot re-alleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 22 of the Complaint.

24.     Pilot denies the allegations contained in paragraph 24 of the Complaint.

Pilot denies the allegations contained at the end of Plaintiff's Complaint in the unnumbered paragraph, including subparagraphs (a) through (h), beginning with the words "WHEREFORE, PREMISES CONSIDERED."  Further, Pilot denies that Plaintiff is entitled to any damages or relief whatsoever against it.

WHEREFORE, PREMISES CONSIDERED, Pilot Travel Centers, LLC denies any liability to Plaintiff, and respectfully requests that Plaintiff's Complaint be dismissed with all costs and fees assessed against Plaintiff.  In the alternative, Pilot requests trial by jury.

DATED this the 29th day of April, 2010.

Respectfully submitted,

PILOT TRAVEL CENTERS, LLC

By: /s/:  Chad R. Hutchinson
    Chad R. Hutchinson (MB No. 100432)
    Ashley H. Nader (MB No. 103254)

ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Box 6010
Ridgeland, Mississippi 39158
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
(T): (601) 948-5711
(F): (601) 985-4500
chad.hutchinson@butlersnow.com
ashley.nader@butlersnow.com

## <u>CERTIFICATE OF SERVICE</u>

I, Chad R. Hutchinson, one of the attorneys for Pilot Travel Centers, LLC, do hereby certify that I have this day served a true and correct copy of the above and foregoing document by mailing same by United States Mail with postage fully prepaid, to the following and electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following:

> Darryl M. Gibbs
> Jeffrey D. Knight
> CHHABRA & GIBBS, P.A.
> 120 North Congress Street, Suite 200
> Jackson, Mississippi 39201
> (T) (601) 948-8005
> (F) (601) 948-8010
> dgibbs@cglawms.com
> jknight@cglawms.com

> ATTORNEYS FOR PLAINTIFF

> SO CERTIFIED this the 29th day of April, 2010.


<u>/s/:  Chad R. Hutchinson</u>
Chad R. Hutchinson

Jackson 5100782v1